Eastern District of Kentucky
FILED
DEC 06 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-41-GWU

ROBERT L. PENCE, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Robert Pence brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Pence, a 44 year-old former maintenance mechanic with a "limited" education, suffered from impairments related to back and leg pain, a groin hernia, memory loss, and seizures. (Tr. 24-25). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis

included an exertional limitation to light level work along with such non-exertional restrictions as (1) a need to avoid exposure to unprotected heights or moving machinery; (2) an inability to more than occasionally stoop, crawl and climb ropes, ladders or scaffolds; (3) a need for sit/stand option; (4) a "limited but satisfactory" ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, handle work stresses, function independently, maintain attention and concentration, handle detailed instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability; and (5) a "seriously limited but not precluded" ability to deal with the public. (Tr. 583-584). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 584-585). Therefore, assuming that the vocational factors considered by Ellis fairly depicted Pence's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Amr El-Naggar, a treating physician, restricted Pence from lifting more than 30 pounds. (Tr. 240, 479). The hypothetical question was compatible with this opinion. The question was also consistent with the restrictions identified by Dr. Calixto Hernandez (Tr. 303-311) and Dr. Kenneth Phillips (Tr. 312-322), the non-examining medical reviewers. More severe restrictions than those found by the ALJ were not reported by such treating and examining sources as the staff at Samaritan Hospital (Tr. 223-230, 334-357), Dr. Khalid Iqbal (Tr. 231-238), the staff at the University of Kentucky Medical Center (Tr. 260-275), Dr. Jonathan Dixon (Tr. 276-284, 474-476), the staff at Gastroenterology Specialists (Tr. 358-365), the staff at St. Joseph Hospital (Tr. 366-385, 459-473, 477-493, 507-532), the staff

at Lake Cumberland Regional Hospital (Tr. 386-411, 494-505), Dr. Charles Ray (Tr. 412-418), the staff at Cardiology Associates of Kentucky (Tr. 505), and the staff at the Imaging Center of London (Tr. 533-543). These reports provide substantial evidence to support the administrative decision.

Dr. Paul Forberg, an examiner, limited Pence from lifting more than 15 pounds. (Tr. 452). This opinion was outweighed and offset by the aforementioned evidence of record.

The ALJ also dealt properly with the evidence of record relating to Pence's mental condition. The mental factors of the hypothetical question were essentially consistent with the mental limitations identified by Psychologist Gary Maryman, an examining source. (Tr. 331-332). The question was also compatible with the mental restrictions reported by Psychologist William Lynne, another examiner. (Tr. 259). Finally, the mental factors considered by Ellis were arguably consistent with the somewhat differently worded but not necessarily totally disabling restrictions reported by Psychologist Laura Cutler, a non-examining medical reviewer. (Tr. 299-300). Therefore, substantial evidence supports this portion of the ALJ's decision.

Pence argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Watson was found to be suffering from a potentially

painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. El-Naggar noted that an MRI Scan of the thoracic spine revealed osteophytes at T6-T7 and T7-T8 with some effacing of the dural sac. (Tr. 240). The physician still thought the plaintiff could lift up to 30 pounds. (Tr. 240). An MRI Scan of the lumbar spine revealed narrowing and mild disc bulging at L3-L4. (Tr. 409). Dr. El-Naggar commented that the study showed no pinched nerves and only mild degenerative changes. (Tr. 244). A chest x-ray revealed no abnormalities. (Tr. 461). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Pence's pain complaints.

Pence also asserts that the ALJ erred by failing to consider the combination of his impairments. However, the Court has already determined that the hypothetical question fairly characterized the plaintiff's condition. Therefore, the ALJ implicitly considered all of the claimant's impairments in combination.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6 day of December, 2006.

G. WIX UNTHANK
SENIOR JUDGE